FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Sep 27, 2018
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| **JIMMY D. DAVIS** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 5:18-CV-__5188____ |
| | ) | |
| **GOLDEN PARTNERS, INC.;** | ) | |
| **K-MAC Enterprises, Inc.** | ) | |
| | ) | |
| Defendants | ) | |

# COMPLAINT

Jimmy D. Davis comes before this Court and for his Complaint against Golden Partners, Inc., states and alleges:

## INTRODUCTION

Jimmy D. Davis ("Davis") brings this action against Golden Partners, Inc., ("Golden") and K-Mac Enterprises, Inc.,[1] (collectively "Golden") to remedy discrimination based upon disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-107 ("ACRA") and for a permanent injunction prohibiting the Defendants from engaging in the practices and policies alleged herein. Davis seeks

---

[1] At all times relevant, Davis worked at Golden Corral in Rogers, Arkansas. Throughout the various administrative processes related to this claim (unemployment and EEOC), Golden has been identified through its representatives as Golden Partners, Inc. and K-Mac Enterprises, Inc. Each are named herein out of an abundance of caution, and Davis shall dismiss the non-employing party upon notice by the Defendants of the actual entity that employed him.

reinstatement, or in the alternative front-pay, back-pay, compensatory and punitive damages (if warranted and appropriate), liquidated damages (if warranted and appropriate), prejudgment and post-judgment interest, reasonable attorney's fees and expenses, and any and all other relief which he may be entitled as the victim of discrimination predicated upon disability.

## JURISDICTION

1.    The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,1331, 1337, 1343 and 42 U.S.C. §12117(a) and 42 U.S.C. §2000, *et. seq.* Davis also seeks a permanent injunction and a declaratory judgment under 28 U.S.C. §§2201 and 2202 declaring that the Defendant(s) discriminated against him by their actions taken against him due to his disability. This Court also has jurisdiction over Davis's claims under the Arkansas Civil Rights Act and Arkansas common law pursuant to the plenary power of the Court to invoke its pendant jurisdiction over causes of action arising under the laws of the State of Arkansas.

2.    Venue herein is proper under 28 U.S.C. §1391(b), and the alleged unlawful employment practices were committed within the State of Arkansas, in the Western District thereof, and that at the time of the discrimination Jimmy Davis was a resident of Washington County, Arkansas.

## PARTIES

3.    Davis, at all times relevant hereto, was a citizen of the United States and resident of Washington County, Arkansas. At all times relevant hereto, Davis worked at Golden Corral in Benton County, Arkansas. Davis is a male with a physical and mental impairment – Human Immunodeficiency Virus ("HIV") – that substantially limits one or more major life activities, and therefore he is a protected person within the meaning of the Americans with Disabilities Act, as amended, and the Arkansas Civil Rights Act.

4.    At all times relevant, Golden, a foreign for-profit corporation has continuously been and is now doing business in the state of Arkansas and has continuously had more than 15 employees.

5.    At all relevant times, Golden has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101 (7) of the ADA, 42 U.S.C. §§12111 (5), (7), and Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000-e(b), (g) and (h).

6.    At all relevant times, Golden has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §1211 (2).

## ADMINISTRATIVE PROCEDURES

7.    More than 30 days prior to the institution of this lawsuit, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (Charge No. 493-2017-01727) alleging discrimination based upon disability by the company.

8. The Equal Employment Opportunity Commission issued to Plaintiff a Right to Sue on the charge on or about June 29, 2018 for the charge. A true and correct copy of the EEOC Right to Sue related to this case is attached as Exhibit "A".

9. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. On or about September 18, 2017, Defendant Employer engaged in unlawful employment practices in Benton County, Arkansas, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. §12112(2), by discharging Davis because of his disability.

11. In or about the year 2002, Davis was diagnosed with Human Immunodeficiency Virus ("HIV"), a physical impairment that substantially limits him in having a functioning immune system.

12. Golden hired Davis in June 2016 as a server, earning $2.13 per hour plus tips.

13. Davis ended his employment in good standing with the company in February 2017 when he briefly moved out of state.

14. The company re-hired Davis in April 2017 as a server, earning $2.13 per hour plus tips.

15. Golden promoted Davis to Lead Server on or about the end of May 2017, and received an increase in pay.

16. In July of 2017, Davis received a promotion to Manager in Training (MIT) of the Hospitality Position for Springfield, Missouri. Davis began the MIT program at

the Rogers, Arkansas Golden Corral restaurant and received an increase in pay, to a salary of $42,000.00 per year.

17.    Davis took a scheduled vacation that was to end September 13, 2017. He was to report to training on September 14, 2017 in Tulsa, Oklahoma.

18.    Mr. Davis takes daily medication related to his HIV diagnosis and had taken the same medication successfully for approximately 15 years. Just prior to his termination from the company, Mr. Davis's prescription medication changed and he suffered debilitating side effects including nausea, stomach pain, vomiting and extreme discomfort.

19.    Davis was too ill to report to training on September 14th.

20.    On September 15th, at 9:09 a.m., Davis' supervisor, Mr. John Fritchey contacted Davis by text message, assuring Davis that "…If something has happened, you need to let me know. I'm sure we can figure this out."

21.    Davis responded by text message at 11:25 a.m. and indicated that had personal issues and requested time off until the following Wednesday.

22.    Fritchey responded, also by text, "Ok give me a call as soon as you can."

23.    At 8:22 p.m. that evening, Davis, texted Fritchey and disclosed for the first time that he was HIV positive. Davis further stated that his medication change was making him very ill and unable to work.

24.    On Saturday, September 16, 2017, Davis texted a photo of his medication to his supervisor.

25. Fritchey stopped communicating with Davis by text once Davis disclosed his HIV status to him at 8:22 p.m. on Friday, September 15, 2017.

26. On Monday, Davis contacted Fritchey at Golden by telephone. Fritchey informed Davis that he had been terminated.

27. The effect of the practices complained of in paragraphs 10-26 has been to deprive Davis of employment and otherwise adversely affect his status as an employee because of disability.

28. The unlawful employment practices complained of in paragraphs 10-26 were intentional.

29. The unlawful employment practice complained of in paragraphs 10-26 were done with malice or with reckless indifference to the federally protected rights of Davis.

30. The acts and omissions alleged in paragraphs 10-26 herein are in violation of the Arkansas Civil Rights Act, Arkansas Code Annotated § 16-123-107 in that Plaintiff is a qualified person with a disability was subjected to discrimination for his disability due to Golden's refusal and failure to accommodate it and improper termination of him as a result.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

31. Pursuant to 28 U.S.C. §§2201 and the Arkansas Uniform Declaratory Judgments Act, Arkansas Code Annotated § 16-111-101 *et. seq.*, Davis requests this Court

to declare that, by failing to reasonably accommodate his disability, Golden discriminated against him when it terminated him without providing such accommodation which would have otherwise prevented the termination.

32.     Issue a permanent injunction prohibiting Golden from otherwise discriminating against qualified individuals with disabilities or failing to make reasonable accommodations for those qualified individuals with disabilities.

33.     Order Golden to make whole Davis by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

34.     Order Golden to reinstate Davis.

35.     Order Defendant to make Davis whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

36.     Order Defendant Golden to make Davis whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional distress, loss of enjoyment of life, loss of self-esteem, embarrassment, anxiety and inconvenience, in amounts to be determined at trial.

37.     Order Defendant to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

38.     Order Defendant Golden to pay attorneys' fees and costs in an amount to be determined at trial.

39. Allow Davis to reserve the right to amend and supplement this Complaint should discovery or the applicable facts so warrant.

40. Grant such further relief as the Court deems necessary and property.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of facts raised by his Complaint.

Respectfully Submitted,

_____
Kristin L. Pawlik, Ark. Bar 99177
Keith, Miller, Butler, Schneider & Pawlik PLLC
224 S 2nd St.
Rogers, AR 72756
p: 479-621-0006
f: 479-631-6890
kpawlik@arkattorneys.com